Filed 10/28/22  P. v. Platz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C093878 |
| Plaintiff and Respondent, | (Super. Ct. No. S01CRF0205) |
| v. | |
| LISA ANN PLATZ, | |
| Defendant and Appellant. | |

Defendant Lisa Ann Platz appeals from a postjudgment order denying her petition for resentencing under Penal Code former section 1170.95.[1]  Defendant argues the trial court erred by improperly engaging in factfinding at the prima facie stage.  Defendant also contests the Attorney General's argument that the kidnapping-murder special circumstance precludes her eligibility for resentencing as a matter of law because those findings were made before the Supreme Court's decisions in *People v. Banks* (2015)

---

[1]     Unspecified statutory references are to the Penal Code.  Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.)  In this opinion, we shall continue to refer to this section as former section 1170.95 for purposes of clarity and conformity with the petition.

61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). While this appeal was pending, our Supreme Court issued *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), holding that jury special circumstance findings made prior to *Banks* and *Clark* do not bar a subsequent petition for resentencing. The Attorney General concedes that the matter should be remanded to the trial court for an evidentiary hearing. We will reverse the order and remand the matter for the trial court to issue an order to show cause and hold an evidentiary hearing on the petition.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Statement of facts*

We exhaustively set forth the facts of this case in our published opinion affirming the judgment on direct appeal and in our unpublished opinion denying defendant's habeas petition. (*People v. Platz* (2006) 136 Cal.App.4th 1091 (*Platz*); *In re Platz* (Dec. 29, 2010, C060623 [nonpub. opn.] (*In re Platz*).) Briefly, defendant was involved in tumultuous relationships with two men: J.A.,[2] and James Csucsai. (*Platz, supra*, 136 Cal.App.4th at pp. 1093, 1095, 1096; *In re Platz, supra*, C060623.) After adverse family court rulings, defendant and her then-boyfriend, Csucsai, kidnapped defendant's daughter, Rebbeca, from Rebbeca's stepmother while armed. (*Platz*, at p. 1096.) J.A. was Rebbeca's father. (*Id*. at p. 1093.) The kidnapping ended with the murder of Rebbeca during a nine-hour standoff with police at a Lake Tahoe campground. (*Platz*, 136 Cal.App.4th at p. 1097.)

The prosecution filed an information charging defendant and Csucsai with murder. (§ 187, subd. (a).) The information also alleged as a special circumstance that the murder occurred during the kidnapping. (§ 190.2, subd. (a)(17)(B).) Further, the information alleged defendant and Csucsai used a deadly or dangerous weapon, a knife, in

---

[2] Pursuant to California Rules of Court, rule 8.90 governing "Privacy in opinions," we refer to the minor victim by her first name and her father by his initials.

committing the murder. (§ 12022, subd. (b)(1).) Csucsai killed himself in jail while the case was pending.

At trial, percipient and expert witnesses provided conflicting testimony as to whether defendant or Csucsai inflicted Rebbeca's fatal wounds. (*Platz, supra*, 136 Cal.App.4th at pp. 1099-1100.) The prosecution's theory was defendant slashed Rebbeca's throat. (*Id.* at p. 1099.) Both defendant and Csucsai, however, made incriminating statements as to their culpability after the murder. (*Id.* at pp. 1099-1100.) Defendant did not testify at trial. (*In re Platz, supra*, C060623.)

The jury convicted defendant of murder (§ 187, subd. (a)) and found true the special circumstance that the murder occurred during the commission of a kidnapping. (§ 190.2, subd. (a)(17).) The jury could not reach a verdict as to whether defendant personally used a knife in the commission of the crime. The trial court sentenced defendant to life in prison without parole. We affirmed the judgment on direct appeal. (*Platz, supra*, 136 Cal.App.4th at p. 1109.)

B.     *Writ of habeas corpus proceeding*

Defendant brought a petition for a writ of habeas corpus. (*In re Platz, supra*, C060623.) In her petition, she argued her counsel provided ineffective assistance of counsel because he did not pursue the defense that defendant withdrew from the conspiracy prior to the encounter with police and that counsel failed to take adequate steps to ensure she testified at trial. (*In re Platz, supra*, C060623.) We concluded the evidence did not support the withdrawal defense and her counsel did not provide ineffective assistance. (*Ibid.*)

C.     *Petition for resentencing under former section 1170.95*

In 2019, defendant filed a petition under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) and former section 1170.95 to have her murder conviction vacated and to be resentenced. She stated under penalty of perjury she was charged via a complaint and convicted of first degree murder. She further averred she did not believe

3

she could be convicted of first or second degree murder because of the changes to sections 188 and 189 effective January 1, 2019. In the accompanying petition, defendant stated she and her codefendant were charged with murder (§ 187, subd. (a)) and the special circumstance allegation (§ 190.2, subd. (a)(17)), she was convicted of murder, and the jury found the special circumstance allegation true. In the argument portion of her petition, defendant asserted Csucsai killed her daughter and there was no evidence defendant directly aided and abetted the murder. Defendant further argued she was not recklessly indifferent to human life based on section 189, subdivision (e)(3) and *Banks* and *Clark.*

The trial court appointed counsel for defendant. It also received extensive briefing from both parties. Within that briefing, defendant declared she did not kill Rebbeca, nor did she assist or encourage Csucsai to kill her. She also highlighted testimony from her habeas proceeding claiming Csucsai abused her after the kidnapping and she wanted to leave him before the police encounter, but he would not let her.

In ruling on the petition, the judge who had presided over the trial stated he had reviewed the record and the relevant authorities on the subject of the petition. In the colloquy with counsel, the trial court stated it believed it must consider the evidence presented at trial when making the decision whether defendant made a prima facie case that she was entitled to resentencing. After the matter was submitted, the trial court gave a detailed recounting of the facts. The trial court found, "[B]ased on all the evidence [the trial court] heard at the trial, based on the petition she filed, and based in particular on Subsection (3) [of section 189, subdivision (e)], that the person was a major participant in the underlying felony and acted with reckless indifference to human life, the Court also gave that exact same instruction to the jury to consider, so based on all those factors, [the trial court] would have to find at this point, anyway, that the Defendant had not met the prima facie burden to have a hearing." The court denied the petition because defendant failed to establish a prima facie case that she was entitled to resentencing.

4

DISCUSSION

Defendant contends the trial court's denial of her petition was improper judicial factfinding at the prima facie stage in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) and Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775). Specifically, defendant argues the trial court erred in engaging in judicial factfinding on the question of whether defendant acted with reckless indifference to human life in the commission of the crime. She also argues the jury's special circumstance finding should not bar her petition as a matter of law because it was decided before our Supreme Court clarified the law in *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522. The Attorney General concedes this matter should be remanded for an evidentiary hearing. We agree.

A.      *Legal background*

Senate Bill 1437, effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate the natural and probable consequences doctrine as it relates to murder. (Stats. 2018, ch. 1015; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 275.) To that end, Senate Bill 1437 amended sections 188 and 189 and added former section 1170.95.

Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder. As relevant here, a participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) of section 189, defining first degree murder in which a death occurs, is liable for murder if the person was the actual killer, an aider or abettor who acted with the intent to kill, or a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2. (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added former section 1170.95 to establish the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences doctrine or other theory . . . ." (Former § 1170.95, subd. (a).) Once a defendant submits a petition and the court performs an initial review for missing

5

information and appoints counsel for defendant, former subdivision (c) of former section 1170.95 provided: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

> B. *Judicial factfinding*

As defendant notes in her briefing, after the trial court denied her petition, our Supreme Court issued its opinion in *Lewis*, and the Legislature passed Senate Bill 775, which, in part, clarify procedural requirements for the trial court's review of a petition filed under former section 1170.95. Defendant contends the trial court's actions amounted to improper factfinding in violation of the rules announced in *Lewis*. We agree.

As relevant here, *Lewis* holds that former section 1170.95 requires a single prima facie showing and appointment of counsel upon request at the prima facie stage. (*Lewis, supra*, 11 Cal.5th at pp. 962-963.) It further provides trial courts may "rely on the record of conviction in determining whether that single prima facie showing is made," noting that prior appellate opinions in a defendant's case "are generally considered to be part of the record of conviction." (*Id*. at pp. 970, 972.) Our Supreme Court cautioned, the "probative value of an appellate opinion is case-specific" and "might not supply all answers." (*Id*. at p. 972.) In performing this preliminary screening function, the court should accept the petitioner's allegations as true and "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 974.) If the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id*. at p. 971.)

6

During the pendency of this appeal, the Legislature also enacted Senate Bill 775, which amended former section 1170.95's procedural requirements to (1) codify the holdings of *Lewis* to statutorily require the appointment of counsel at the prima facie review stage, if requested, along with an opportunity for briefing; (2) provide for a hearing at the prima facie stage; (3) require the court to issue a written ruling if the court denies the petition; (4) affirm that the standard of proof at the order to show cause hearing is proof beyond a reasonable doubt; and (5) clarify what evidence a court may consider at that evidentiary hearing.  (Former § 1170.95; Stats. 2021, ch. 551, § 1.) Senate Bill 775 became effective January 1, 2022.  We agree with defendant that Senate Bill 775 applies to defendant's case, which was not final as of the effective date of the statute.  (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307-308.)

Here, consistent with *Lewis* and Senate Bill 775, the trial court appointed counsel, received briefing, held a hearing, conducted a single prima facie review, and found defendant ineligible for relief based on its factual finding that she was a major participant in the crime who acted with reckless disregard for human life based upon the evidence presented at trial.  In making its determination that defendant failed to establish a prima facie case, however, the trial court impermissibly engaged in judicial factfinding, weighed the evidence presented at trial, made credibility determinations and, while it announced its ruling in great detail on the record, it did not reduce that determination to writing.  The trial court drew factual conclusions from the evidence presented at trial and its own recollection of that trial.  The trial court's weighing of evidence from its memory of the trial and the trial transcript, and making findings of fact based on that evidence, did not comport with the requirements of former section 1170.95.  (*Lewis, supra*, 11 Cal.5th at p. 971; former § 1170.95, subd. (c).)

Because defendant's petition alleged the elements for relief set forth in former section 1170.95, subdivision (a), and nothing in the record conclusively refutes these facts as a matter of law, the trial court should have issued an order to show cause and

7

held an evidentiary hearing.  (*People v. Davenport* (2021) 71 Cal.App.5th 476, 480-481, 485.)  We will therefore reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under former section 1170.95, subdivision (c), and hold an evidentiary hearing under former section 1170.95, subdivision (d).  We express no opinion about whether defendant is entitled to relief following that hearing.

C.      *Eligibility for relief with special circumstances present*

In its original briefing, the Attorney General defended the trial court's order based on the jury's true finding on the kidnap-murder special circumstance-allegation and argued that finding barred her petition as a matter of law.  (§ 190.2, subd. (a)(17)(B).)  Defendant argues the jury's special circumstance finding should not bar her petition as a matter of law because it was decided before our Supreme Court clarified the law in *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522.  In light of intervening Supreme Court authority issued during the pendency of this appeal, we agree with defendant.

As relevant here, section 190.2, subdivision (d) provides that for the purposes of the special circumstance allegations based on the enumerated felonies in paragraph (17) of subdivision (a), which include kidnapping, an aider and abettor must, at a minimum, have been a "major participant" and have acted "with reckless indifference to human life."  (§ 190.2, subd. (d); *Banks, supra*, 61 Cal.4th at p. 798.)

While this appeal was pending, our Supreme Court answered the question posed here.  (*Strong, supra*, 13 Cal.5th 698.)  In *Strong,* the Supreme Court held "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making a prima facie case for relief under Senate Bill 1437.  This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*."  (*Strong*, at p. 110.)  Further, our Supreme Court concluded, "*Banks* and *Clark* both substantially clarified the law governing findings under [] section 190.2, subdivision (d):  *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to

8

act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong*, at pp. 706-707.) The court concluded these two rulings reflected a significant change in the law and justified the denial of giving preclusive effect to jury findings made before this change in law. (*Id*. at pp. 716-717.)

Here, while the jury could not reach a verdict whether defendant used the knife in the commission of this murder, it found the kidnapping-murder special circumstance true. Under the law that existed at the time of this conviction, the jury's finding carried with it a conclusion, at a minimum, that defendant was a major participant in the crime who acted with reckless disregard for human life. The finding, however, was made more than a decade before the Supreme Court announced the sea change in the law in *Banks* and *Clark* as to what it is to be a major participant and to act with reasonable indifference. (*In re Platz, supra*, C060623.) As our Supreme Court has held, this pre-*Clark/Banks* jury finding is not a basis to deny a petition for relief under former section 1170.95 for failure to state a prima facie case. (*Strong, supra*, 13 Cal.5th at p. 710.)

## DISPOSITION

The order denying the petition is reversed. The case is remanded to the trial court for issuance of an order to show cause and to hold an evidentiary hearing on the petition.

                                                  KRAUSE_____, J.

We concur:

_____HULL_____, Acting P. J.

_____MAURO_____, J.

9